SEAN M. SULLIVAN (State Bar No. 229104)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
Email: seansullivan@dwt.com

SARAH E. BURNS (State Bar No. 324466)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: sarahburns@dwt.com

Attorneys for Defendant INTUIT INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIN GONZALEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC.; CSIDENTITY CORPORATION d/b/a IDNOTIFY; and DOES 1-10 Inclusive,<br><br>Defendants. | Case No. 23-cv-06377<br><br>**DEFENDANT INTUIT INC.'S NOTICE OF REMOVAL**<br><br>[Removed from the Superior Court of California, Santa Clara County, Case No. 23CV425183]<br><br>[Declaration of Nathan Scarff filed concurrently]<br><br>State Action Filed: October 27, 2023 |

1 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant Intuit Inc. ("Intuit") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Santa Clara to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on the grounds set forth below.

## State Court Action

1. On October 27, 2023, Plaintiff Erin Gonzalez, purportedly acting on her own behalf, and on behalf of all others similarly situated, commenced an action in the Superior Court of the State of California in and for the County of Santa Clara, captioned *Gonzalez v. Intuit Inc., et al.*, Case No. 23CV425183 (the "State Court Action"). A true and correct copy of the complaint in the State Court Action is attached to the concurrently-filed Declaration of Nathan Scarff ("Scarff Decl.") as **Exhibit A** (the "Complaint").

2. Ms. Gonzalez alleges that in April 2023, she purchased Intuit's TurboTax software to file her 2022 taxes and at that time also purchased an add-on product called "Max Benefits," which she alleges "included identity theft protection services and identity theft insurance" serviced by separately-represented defendant CSIdentity Corporation, d/b/a IDNotify ("IDNotify"). Ex. A ¶¶ 20-22. Ms. Gonzalez further alleges that, after she learned in August 2023 that her identity had been stolen, she contacted IDNotify, which "would not allow her to avail herself of any of the identity theft protection services she had purchased." *Id.* ¶¶ 24-25. Ms. Gonzalez contends that she is entitled to bring claims on behalf of a putative class for all consumers who purchased these identity theft protection services. *Id.* ¶¶ 1, 41. Ms. Gonzalez seeks actual, punitive, and statutory damages, restitution, injunctive relief and attorneys' fees. *Id.* ¶¶ 67, 96.

3. On November 9, 2023, Intuit was served with a copy of the Complaint and Summons from the State Court Action by personal service to its authorized agent. Scarff Decl. ¶ 2.

4. In addition to the Complaint, all other pleadings, processes, and orders served upon or received by Intuit in the State Court Action or found on the docket in the State Court Action are attached to the Scarff Declaration.

DAVIS WRIGHT TREMAINE LLP

      a.      The Summons is attached as **Exhibit B**; and

      b.      The Civil Case Cover Sheet is attached as **Exhibit C**.

5. The State Court Action is removable to this Court because the Court has original jurisdiction and the Northern District of California encompasses the location in which the State Court Action is currently pending (i.e., Santa Clara, California). *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

**<u>The Action Is Removable Under the Class Action Fairness Act, 28 U.S.C. § 1332(d)</u>**

6. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance . . . ." 28 U.S.C. § 1711, stat. note, subd. (b)(2).

7. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. §§ 1332(d). As explained below, each of these requirements is satisfied in this case.

DAVIS WRIGHT TREMAINE LLP

### *The Minimal Diversity Requirement Is Satisfied*

9. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ." 28 U.S.C. § 1332(d)(2)(A).

10. A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Plaintiff correctly alleges that Intuit is incorporated in Delaware and has its principal place of business in the State of California. Ex. A ¶ 12. Plaintiff also alleges that IDNotify is incorporated in Delaware and has its principal place of business in the State of California. Ex. A ¶ 13. Thus, both Defendants are citizens of Delaware and California for determining minimal diversity.

11. Ms. Gonzalez alleges she is a citizen and resident of California. Ex. A ¶ 11. The putative class Ms. Gonzalez seeks to represent comprises "[a]ll consumers, who, between the applicable statute of limitations and the present, purchased…identity theft protection and recovery services." *Id.* ¶ 41.

12. Ms. Gonzalez asserts claims under two statutes: California's False Advertising Law, Business and Professions Code section 17500, and the Unfair Competition Law ("UCL"), Business and Professions Code section 17200. The statute of limitations for both claims is four years. Cal. Civ. Pro. § 338(h); Cal. Bus. & Prof. Code § 17208.

13. In the four years preceding the filing of the State Court Action, customers of TurboTax's Max Benefits add-on, which Plaintiff alleges includes identity theft protection services and identity theft insurance, were from states other than California. Scarff Decl. ¶ 7.

14. Therefore, there is sufficient (and minimal) diversity of citizenship between the relevant parties in this case.

### *Plaintiff's Proposed Class Exceeds 100 Members*

15. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ."

16. For a class action to be removable under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

17. Ms. Gonzalez seeks to represent a class composed of "[a]ll consumers, who, between the applicable statute of limitations and the present, purchased Defendants' Class Products, namely identity theft products." Ex. A. ¶ 41. *See also id.* ¶ 1 (defining Class Products as "identity theft protection and recovery services").

18. Plaintiff alleges that "the proposed class is composed of thousands of members" and "[t]he members of the class are so numerous that joinder of all members would be unfeasible and impractical." Ex. A. ¶ 45. Therefore, although Intuit contests the propriety of class certification and disputes any alleged violation of law, for purposes of removal, the allegations of Ms. Gonzalez's Complaint show the proposed class exceeds 100 members.

### *The Amount in Controversy Exceeds $5 Million*

19. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

20. For purposes of removal only, and without conceding that either Ms. Gonzalez or the putative class is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional the amount in controversy minimum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "that the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe") (alterations and quotations omitted).

21. The Complaint seeks "[a]ctual damages suffered by Plaintiff and Class Members" as well as "disgorgement and restitution to Plaintiff and all Class Members of Defendants' revenues…." *Id.* ¶¶ 67, 96.

DAVIS WRIGHT TREMAINE LLP

22. Without conceding that Plaintiff's alleged measure of damages would be the proper measure of relief for any of Plaintiff's or putative class members' claims, in the four years before Plaintiff filed the State Court Action, Intuit's business records show purchases of Max Benefits packages exceeded $5 million. Scarff Decl. ¶ 6. Thus, while Intuit denies that Ms. Gonzalez or the putative class is entitled to such sums, Ms. Gonzalez has put those sums in controversy.

23. The Complaint further seeks an order "requiring Defendants to engage in corrective advertising." Ex. A ¶ 96(d). The cost of complying with the requested injunction may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

24. The Complaint also seeks attorneys' fees. Ex. A ¶ 96(h). In class action cases involving similar California consumer protection causes of action based on allegations of false or misleading statements related to product sales, with similar complexity of issues, attorneys have sought in excess of $2 million in attorneys' fees. *See, e.g., Brown v. Hain Celestial Grp., Inc.*, 2016 WL 631880 (N.D. Cal. Feb. 17, 2016) (UCL and false advertising class action; seeking approval in excess of $3 million in fees); *Hendricks v. Starkist Co*, 2016 WL 5462423 (N.D. Cal. Sep. 29, 2016) (same); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million). These amounts should also be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).

25. In sum, based on Ms. Gonzalez's pleaded assertions and theories of recovery, the amount in controversy exceeds $5,000,000.

*Exceptions to Jurisdiction Do Not Apply*

26. It is Ms. Gonzalez's burden to show that the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4) apply. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (Although "the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4) (A) and (B)"). *See also Benko v. Quality Loan Service*

*Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) ("We recognize that the 'local controversy exception' is a narrow one, particularly in light of the purposes of CAFA.").

27. The Complaint does not do so, because the proposed class is not limited to California citizens, and Plaintiff includes no allegations about the number of customers who purchased Max Benefits during the relevant period that were California citizens. *See* 28 U.S.C. § 1332(d)(4)(B); *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 884 (9th Cir. 2013) (holding there must be "*some facts in evidence* from which the district court may make findings regarding class members' citizenship" for purposes of the local controversy exception).

## **Intuit Satisfies the Requirements of 28 U.S.C. § 1446**

28. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

29. This Notice of Removal has been filed within thirty days of service of the Complaint and Summons on Intuit.

30. Pursuant to U.S.C. § 1446(b)(2), separately-represented Defendant CSIdentity Corporation d/b/a IDNotify has been served and has consented to removal to this Court. Intuit is not aware of the service of any "Doe" defendants. Consequently, no further consent to removal is required. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

31. Concurrently with the filing of this Notice, Intuit will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Santa Clara. *See* 28 U.S.C. § 1446(d).

32. Intuit does not waive and expressly preserves all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Intuit removes the State Court Action to this Court.

| | | |
|---|---|---|
| DATED: December 11, 2023 | | DAVIS WRIGHT TREMAINE LLP<br>SEAN M. SULLIVAN<br>SARAH E. BURNS |

By: */s/ Sean M. Sullivan*
           Sean M. Sullivan

Attorneys for Defendant
INTUIT INC.

---

7
NOTICE OF REMOVAL
Case No. 23-cv-06377